UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS GUZMAN, MANUEL DEJESUS VASQUEZ,          Case No:
LINA MORA, KARLA RAMOS and SANTOS M. VIGIL,
individually and on behalf of all others similarly situated,

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiff,

-against-                                        **JURY TRIAL DEMANDED**

BACTOLAC PHARMACEUTICAL, INC., CHOICE LONG
ISLAND, INC., STEVEN KLEIN, and HAROLD ROBBINS,

Defendants.
------------------------------------------------------------------------X

Plaintiff, Carlos Guzman, Lina Mora, Karla Ramos, Manuel De Jesus Vasquez, and

Santos M. Vigil, ("Named Plaintiffs"), individually and on behalf of all others similarly situated,

as representatives, by their attorneys, Moser Law Firm, P.C., as and for their complaint in this

action against Bactolac Pharmaceutical, Inc. ("Bactolac"), Choice Long Island, Inc. ("Choice"),

Steven Klein ("Klein") and Harold Robbins ("Robbins"), and hereby allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff Carlos Guzman ("Guzman"), Manuel DeJesus Vasquez ("Vasquez"), and

all individuals similarly situated, were jointly employed by Bactolac and Choice, and bring the

following counts against Bactolac and Choice, as joint employers:

      I.      Overtime violations of the Fair Labor Standards Act ("FLSA");

      II.     Overtime violations under 12 NYCRR § 146-1.4;

      III.    Wage Statement Violations under NYLL § 195(3);

      IV.     Violation of the prompt payment provisions of NYLL § 191.

1

2.      All Named Plaintiffs (Guzman, Vasquez, Lina Mora ("Mora"), Karla Ramos ("Ramos"), and Santos M. Vigil ("Vigil")), and those similarly situated bring the following counts against Choice only:

      V.      Wage Statement Violations under NYLL § 195(3); and

      VI.     Wage Notice Violations under NYLL § 195(1).

3.      Plaintiffs Mora, Ramos, and Vigil, and those similarly situated bring count VII of this complaint against Choice only for Spread of Hours pay under 12 NYCRR 146-1.6

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 201, et seq. since, inter alia, claims for relief predicated upon the Fair Labor Standards Act ("FLSA") arise under federal law.

5.      Pursuant to 28 U.S.C. § 1367, the doctrine of supplemental jurisdiction, the Court maintains jurisdiction over the balance of Plaintiffs' and the putative members of the classes' claims.

6.      Pursuant to 28 U.S.C. § 1391, the claims set forth herein are properly brought forth in the United States District Court for the Eastern District of New York since, inter alia, the events and omissions giving rise to Plaintiffs' and the members of the putative classes and collectives' claims occurred in the Eastern District and as Defendants are residents of the Eastern District.

## THE PARTIES

7.      Plaintiff Guzman is a natural person and a resident of the State of New York, County of Suffolk.

8.    At all times relevant herein, Guzman, met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

9.    Plaintiff Vasquez is a natural person and a resident of the State of New York, County of Suffolk.

10.    At all times relevant herein, Vasquez, met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

11.    Plaintiff Mora is a natural person and a resident of the State of New York, County of Suffolk.

12.    At all times relevant herein, Mora, met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

13.    Plaintiff Ramos is a natural person and a resident of the State of New York, County of Suffolk.

14.    At all times relevant herein, Ramos, met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

15.    Plaintiff Vigil is a natural person and a resident of the State of New York, County of Suffolk.

16.    At all times relevant herein, Vigil, met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

17.    Defendant Bactolac is a Delaware corporation licensed to do business in the State of New York.

18.    At all times relevant herein, Defendant Bactolac met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

3

19.     Defendant Bactolac is a dietary supplement manufacturer with manufacturing facilities in at least two locations – 7 Oser Avenue, Hauppauge, New York and 620 Old Willets Path, Hauppauge, New York.

20.     Defendant Choice is a Delaware corporation licensed to do business in the State of New York.

21.      At all times relevant herein, Defendant Choice met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

22.     Defendant Choice is a staffing agency with offices at 720 Veterans Memorial Highway, Hauppauge, New York  11788.

23.     Defendant Klein is a natural person whose residence is unknown.

24.     At all times relevant herein, Defendant Klein met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

25.     Defendant Robbins is a natural person whose residence is unknown.

26.     At all times relevant herein, Defendant Robbins met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

## FACTUAL ALLEGATIONS

27.     Bactolac and Choice entered into a contract whereby Choice provided staffing services to Bactolac.

*Carlos Guzman*

28.     Plaintiff Guzman was hired by Choice on or about January 7, 2019.

4

29.     While employed by Choice, Plaintiff Guzman worked at Bactolac's manufacturing facility located at 620 Old Willets Path in Hauppauge, New York.

30.     Guzman was jointly employed by Bactolac and Choice from approximately January 7, 2019 until approximately April 2019.

31.     During his employment with Bactolac/Choice, Guzman worked approximately 55 hours per week.

32.     Plaintiff Guzman's regular work schedule was from 7 am to 5 pm Monday through Friday, and Saturday from 7 am to 3 or 4 pm with a ½ hour lunch break each day.

33.     During his employment with Bactolac/Choice, Guzman was paid for all regular (non-overtime) hours by Choice via a weekly payroll check.

34.     Guzman was paid $12.00 per hour by Choice.

35.     Guzman was paid for overtime hours by Bactolac at a flat rate of $10 per hour, in cash.

36.     Bactolac did not furnish Guzman a wage statement for the cash payment of overtime wages.

37.     The wage statements furnished by Choice were defective because:

      a.  they did not include the cash payment of overtime wages; and

      b.  they did not contain the telephone number of the employer, as required by NYLL § 195(3).

38.     Guzman was a manual laborer. More specifically, he filled a hopper with whey protein powder.

39.     During his employment with Bactolac/Choice, Guzman was paid his overtime every two weeks.

40.     During his employment with Bactolac/Choice, Guzman was not paid all of his overtime within 7 calendar days after the end of the week in which the wages were earned.

41.     Choice never furnished Guzman the notice required by NYLL § 195(1).

*Manuel DeJesus Vasquez*

42.     Upon information and belief, Plaintiff Vasquez was hired by Choice approximately 5 years ago.

43.     Plaintiff Vasquez has been jointly employed for approximately 5 years by Bactolac and Choice.

44.     While under the formal employ of Choice, Plaintiff Vasquez has worked at Bactolac's manufacturing facility located at 620 Old Willets Path in Hauppauge, New York.

45.     During his employment with Bactolac/Choice, Vasquez has worked approximately 54 hours per week.

46.     Plaintiff Vasquez's regular work schedule is from 8:00 am to 6 pm Monday through Friday, and Saturday from 8:00 am to 3 pm with a ½ hour lunch break each day.

47.     During his employment with Bactolac/Choice, Plaintiff Vasquez has been paid for all regular (non-overtime) hours by Choice via a weekly payroll check.

48.     Vasquez has been paid $14.50 per hour by Choice.

49.     Until January 1, 2020,  Vasquez was paid for overtime hours by Bactolac at a flat rate of $10 per hour, in cash.

50.     Beginning January 1, 2020, Vasquez has been paid for overtime hours by Bactolac at a flat rate of $12 per hour, in cash.

51.     Bactolac never funished Vasquez with a statement for the cash payment of overtime wages.

6

52. The wage statements furnished by Choice are defective because:

    c.   they do not include the cash payment of overtime wages; and

    d.   They do not contain the telephone number of the employer, as required by NYLL § 195(3).

53. Vasquez is manual laborer. More specifically, he cleans the floors and bathrooms.

54. During his employment with Bactolac/Choice, Vasquez has been paid his overtime by Bactolac every two weeks.

55. During his employment with Bactolac/Choice, Vasquez has not been paid all of his overtime within 7 calendar days after the end of the week in which the wages are earned.

56. Choice never furnished Vasquez the notice required by NYLL § 195(1).

*Lina Mora*

57. Plaintiff Mora was hired by Choice on or about May 1, 2018.

58. Plaintiff Mora was employed by Choice for the period from May 1, 2018 to approximately February 2019.

59. While under the employ of Choice, Plaintiff Mora worked at a manufacturing facility operated by Cookies United, LLC (a non-party) located at 41 Natcon Drive, Shirley, NY 11967.

60. Choice did not furnish wage statements to Mora that complied with all of the requirements of NYLL § 195(3). More specifically, the wage statements furnished did not contain the telephone number of the employer, as required by NYLL § 195(3).

61. Choice never furnished Mora with a copy of the notice required by NYLL § 195(1).

62.     During her employment with Choice, Plaintiff Mora's regular work schedule was from 6 am to 4:30 pm Monday through Thursday, with a ½ hour lunch each day.

63.     In 2018, Plaintiff Mora was paid $11.00 per hour by Choice.

64.     In 2019, Plaintiff Mora was paid $12.00 per hour by Choice.

65.     Mora regularly worked a spread of hours in excess of 10.  More specifically, on each day that she worked her regular shift, her spread of hours was 10 ½.

66.     Choice never paid Mora spread of hours pay as required by 12 NYCRR § 146-1.6.

*Karla Ramos*

67.     Plaintiff Ramos was hired by Choice in approximately July 2017.

68.     Plaintiff Ramos was employed by Choice from approximately July 2017 until approximately February 2018.

69.     While under the employ of Choice, Plaintiff Ramos worked at a manufacturing facility operated by Cookies United, LLC located at 41 Natcon Drive, Shirley, NY  11967.

70.     Choice did not furnish wage statements to Ramos that complied with all of the requirements of NYLL § 195(3).  More specifically, the wage statements furnished did not contain the telephone number of the employer, as required by NYLL § 195(3).

71.     Choice never furnished Ramos with a copy of the notice required by NYLL § 195(1).

72.     During her employment with Choice, Plaintiff Ramos's regular work schedule was from 4:30 pm to 3:00 am, Monday through Friday, with a ½ hour lunch.

73.     In 2017, Plaintiff Ramos was paid $10.15 per hour by Choice.

74.     In 2018, Plaintiff Ramos was paid $11.00 per hour by Choice.

8

75.     Ramos regularly worked a spread of hours in excess of 10.  More specifically, on each day in which she worked her regular shift, her spread of hours was 10.

76.     Choice never paid Ramos spread of hours pay as required by 12 NYCRR § 146-1.6.

*Santos M. Vigil*

77.     Upon information and belief, Plaintiff Vigil was hired by Choice in approximately August 2016.

78.     Upon information and belief, Plaintiff Vigil was employed by Choice and from approximately August 2016 until approximately August 2017.

79.     While under the employ of Choice, Plaintiff Vigil worked at a manufacturing facility operated by Cookies United, LLC located at 41 Natcon Drive, Shirley, NY  11967.

80.     Choice did not furnish wage statements to Vigil that complied with all of the requirements of NYLL § 195(3).  More specifically, the wage statements furnished did not contain the telephone number of the employer, as required by NYLL § 195(3).

81.     Choice never furnished Vigil with a copy of the notice required by NYLL § 195(1).

82.     During his employment with Choice, Plaintiff Vigil's regular work schedule was from 4:30 pm to 3:00 am, Monday through Friday, with a ½ hour lunch.

83.     Plaintiff Vigil cannot recall his regular hourly rate in 2016.

84.     In 2017, Plaintiff Vigil was paid $10.15 per hour by Choice.

85.     Vigil regularly worked a spread of hours in excess of 10.  More specifically, on each day that he worked his regular shift, Vigil worked a spread of hours of 10 1/2.

86.     Choice never paid Vigil spread of hours pay as required by 12 NYCRR § 146-1.6.

9

*Defendant Steven Klein*

87.    Defendant Klein is one of the founders of Choice.

88.    Upon information and belief, Defendant Klein is an officer of Choice.

89.    Upon information and belief, Defendant Klein, at all times relevant, was a shareholder of Choice Long Island, Inc.

90.    Upon information and belief, Defendant Klein exercised sufficient operational control over Choice to be deemed Plaintiffs' employer.

*Defendant Harold Robbins*

91.    Defendant Robbins is one of the founders of Choice.

92.    Upon information and belief, Defendant Robbins is an officer of Choice.

93.    Upon information and belief, Defendant Robbins, at all times relevant, was a shareholder of Choice Long Island, Inc.

94.    Upon information and belief, Defendant Robbins exercised sufficient operational control over Choice to be deemed Plaintiffs' employer.

## COLLECTIVE ACTION ALLEGATIONS

95.    Plaintiffs Guzman and Vasquez bring Count I (FLSA Overtime) individually and on behalf of all others similarly situated pursuant to, inter alia, 29 U.S.C. § 216(b) against all Defendants.  Plaintiffs and the similarly situated individuals were jointly employed by Bactolac and Choice.  The proposed collective is defined as follows:

> All non-exempt employees of Choice who were assigned to work at Bactolac at any time during the three year period prior to the commencement of this action and up to the final judgment.

96.    Plaintiffs Guzman and Vasquez have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached hereto.  As this case

10

proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

97.     Plaintiffs and the members of the Collective worked substantial overtime hours for which they were not compensated at a rate of one- and one-half times their regular rate of pay.

98.     Defendants' unlawful conduct is widespread, repetitious, and consistent affecting Plaintiffs and the Collective.

99.     Defendants' conduct is willful and in bad faith and has caused significant damages to Plaintiffs and the Collective.

100.    Notice of this action should be sent to the Collective.  There are numerous similarly situated current and former employees of Defendants who, in violation of the FLSA, have been denied pay at the rate of one- and one-half times their regular rate of pay for their overtime hours worked.  Said employees would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly situated employees are known to the Defendants and are readily identifiable through the Defendants' records.

## CLASS ACTION ALLEGATIONS

101.    Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following classes:

(a) All non-exempt employees of Choice who were assigned to work at Bactolac at any time during the period beginning six years prior to the commencement of this action until final judgment (the "Bactolac/Choice Class");

(b) All non-exempt employees of Choice who were assigned to work at Bactolac at any time during the period beginning six years prior to the commencement of this

11

action until final judgment who were manual workers (the "Bactolac/Choice Delayed Wages Class");

(c) All non-exempt employees of Choice who were employed at any time during the period beginning 6 years prior to the commencement of this action until final judgment in this action (the "Choice Class")

(d) All non-exempt employees of Choice who were hired at any time during the period beginning six years prior to the commencement of this action until final judgment and who were not furnished with a hiring notice as required by NYLL § 195(1)(the "Choice Wage Notice Class").

(e) All non-exempt employees of Choice who worked a spread of hours in excess of 10 at any time during the 6-year period prior to the commencement of this action until final judgment (the "Choice Spread of Hours Class")(the Bactolac/Choice Class, Bactolac/Choice Delayed Wages Class, Choice Class, Choice Wage Notice Class and Choice Spread of Hours Class are collectively referred to as the "Classes")

*Bactolac/Choice Class*

102.    Plaintiffs Guzman and Vasquez bring Counts II (NYLL Overtime) and III (Wage Statement Violations), individually and on behalf of the Bactolac/Choice class against all Defendants.

103.    Defendants jointly employed the Bactolac/Choice Class.

104.    The Bactolac/Choice Class members were not paid for their overtime hours worked at the rate of one- and one-half times their regular rate of pay.

105.    The members of the Bactolac/Choice Class did not receive wage statements with payment of overtime in cash.

*Bactolac/Choice Delayed Wages Class*

106.    Plaintiffs Guzman and Vasquez bring Count IV (Delayed Wages) individually and on behalf of the Bactolac/Choice Delayed Wages Class against all Defendants.

107.    Defendants Choice and Bactolac jointly employed the Bactolac/Choice Delayed Wages Class.

108.    The members of the Bactolac/Choice Delayed Wages Class were manual workers.

109.    The members of the Bactolac/Choice Delayed Wages Class did not receive their overtime wages weekly as required by NYLL § 191

110.    The members of the Bactolac/Choice Delayed Wages Class did not receive all of their overtime wages within seven calendar days after the end of the week in which the wages were earned.

*Choice Class*

111.    All of the Named Plaintiffs bring Count V (Wage Statement Violations) individually and on behalf of the Choice Class against Choice, Klein, and Robbins only.

112.    Choice, Klein, and Robbins employed the Choice Class.

113.    The members of the Choice Class received wage statements that did not comply with the requirements of NYLL § 195(3) inasmuch as said wage statements did not contain the telephone number of the employer.

*Choice Wage Notice Class*

114.    All of the Named Plaintiffs bring Count VI (Wage Notice Violations) individually and on behalf of the Choice Wage Notice Class against Choice, Klein, and Robbins.

115.    Choice, Klein, and Robbins employed the Choice Wage Notice Class.

116.    All of the members of the Choice Wage Notice Class were hired within 6 years prior to the commencement of this action and up until final judgment.

117.    The members of the Choice Wage Notice Class were not furnished with a wage notice as required by NYLL § 195(1).

*Choice Spread of Hours Class*

118.    Plaintiffs Mora, Ramos and Vigil bring Count VII (Spread of Hours Violations) individually and on behalf of the Choice Spread of Hours Class against Choice, Klein, and Robbins.

119.    Choice, Klein, and Robbins employed the Choice Spread of Hours Class.

120.    All of the members of the Choice Spread of Hours class worked a spread of hours in excess of 10.

121.    None of the members of the Choice Spread of Hours Class received spread of hours pay on each day in which the spread of hours exceeded 10.

*Facts Relating to All Classes*

122.    The members of the Classes are so numerous that joinder of all members is impracticable.  The members of the Bactolac/Choice Class and the Bactolac/Choice Delayed Wages Classes are believed to be in excess of 100 individuals.  The members of the Choice Class, Choice Wage Notice Class and Choice Spread of Hours class are believed to be in the thousands.   The precise number of members of the Classes are known to the Defendants.

123.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting members of the Classes individually, namely: (1) whether the members of the Bactolac/Choice Class were paid for their overtime hours worked at one and one

14

half times their regular rate of pay; (2) whether the members of the Bactolac/Choice class received wage statements for the cash payment of overtime wages; (3) whether the members of the Bactolac/Choice Delayed Wages class received their overtime wages weekly and in a timely fashion as required by NYLL § 191; (4) whether the members of the Choice Class received wage statements that contained all of the information required by NYLL § 195(3); (5) whether the members of the Choice Wage Notice class received hiring notices as required by NYLL § 195(1); (6) whether the members of the Choice Spread of Hours Class received spread of hours pay on each day in which the spread of hours exceeded 10; and (7) the damages to which members of the Classes are entitled due to the Defendants' violations of the NYLL.

124.    Plaintiffs' claims are typical of the claims of the Classes they seek to represent.

125.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Classes to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Classes just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the litigation and its possible settlement, they must not favor their own interests over the Classes interest. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Classes. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

126.    Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

127.    There is no conflict between Plaintiffs and the members of the Classes.

128.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Classes have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL.  Although the relative damages suffered by the individual members of the Classes are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual members of the Classes lack the financial resources to vigorously prosecute individual lawsuits against Defendants to recover, inter alia, unpaid overtime wages, liquidated damages, statutory damages, interest, and attorneys' fees.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

129.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Classes predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

130.    This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Classes would create a risk of adjudications with respect to the individual members of the Classes that may establish incompatible standards of conduct for the parties opposing the Classes and/or that, as a practical matter, would be dispositive of the interests of the other members of the Classes not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## COUNT I

PLAINTIFFS GUZMAN AND VASQUEZ, INDIVIDUALLY AND ON BEHALF OF THE
FLSA COLLECTIVE FOR UNPAID OVERTIME WAGES UNDER THE FLSA

*Against all Defendants*

131.    Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

132.    The FLSA is applicable to Defendants as, inter alia, there is enterprise coverage in that, upon information and belief, each of the Defendants do business in excess of $500,000 a year.

133.    At all times relevant to this action, Plaintiffs and the members of the Collective were employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

134.    At all times relevant to this action, Plaintiffs and the members of the Collective were entitled to overtime pursuant to the FLSA (29 U.S.C. 201 et seq.).

135.    As set forth above, Plaintiffs and the members of the Collective were not paid for the overtime hours they worked at one- and one-half times their regular rate as required by the FLSA.

136.    Defendants' failure to pay Plaintiffs and the members of the Collective was and is willful and in bad faith.

137.    As a result of the foregoing, Plaintiffs and the members of the Collective have been denied earned wages required under the FLSA and have suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and/or attorneys' fees and costs.

## COUNT II

### PLAINTIFFS GUZMAN AND VASQUEZ, INDIVIAULLY AND ON BEHALF OF THE BACTOLAC/CHOICE CLASS FOR UNPAID OVERTIME WAGES UNDER 12 NYCRR § 146-1.4

*Against All Defendants*

138.     Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

139.     The NYLL is applicable to Defendants.

140.     At all times relevant to this action, Plaintiffs and the members of the Bactolac/Choice Class were employed by Defendants, individually and jointly, within the meaning of the NYLL.

141.     At all times relevant to this action, Plaintiffs and the members of the Bactolac/Choice Class were entitled to overtime pursuant to the NYLL.

142.     As set forth above, Plaintiffs and the members of the Bactolac/Choice Class were not paid for the overtime hours they worked at one- and one-half times their regular rate as required by NYLL.

143.     Defendants' failure to pay Plaintiffs and the members of the Bactolac/Choice Class was and is willful and in bad faith.

144.     As a result of the foregoing, Plaintiffs and the members of the Bactolac/Choice Class have been denied earned wages required under the NYLL and have suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and/or attorneys' fees and costs.

## COUNT III

PLAINTIFFS GUZMAN AND VASQUEZ INDIVIDUALLY AND ON BEHALF OF THE
BACTOLAC/CHOICE CLASS FOR FAILURE TO PROVIDE NYLL
§ 195 (3) STATEMENTS

*Against All Defendants*

145.     Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

146.     Pursuant to NYLL § 195(3), Defendants were obligated to provide Plaintiffs and the members of the Bactolac/Choice Class a statement with every payment of wages listing, inter alia, the following: the dates of work covered by that payment of wages,  name of employee, name of employer,  address and phone number of employer,  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other,  gross wages,  deductions,  allowances, if any, claimed as part of the minimum wage,  and net wages.

147.     Defendants failed to provide Plaintiffs and the members of the Bactolac/Choice Class statements with the cash payment of overtime wages. Furthermore, the wage statements furnished by Choice were defective because they did not include the cash payment of overtime wages.

148.     As a result of the foregoing, Plaintiffs and the members of the Bactolac/Choice Class are each entitled to liquidated damages in an amount of up to $5,000 plus costs and reasonable attorneys' fees.

## COUNT IV

PLAINTIFFS GUZMAN AND VASQUEZ INDIVIDUALLY AND ON BEHALF OF THE
BACTOLAC/CHOICE DELAYED WAGES CLASS FOR FAILURE TO TIMELY PAY
WAGES UNDER NYLL § 191

*Against all Defendants*

149.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

150.    Plaintiffs and the Bactolac/Choice Delayed Wages Class were manual workers as defined by the NYLL.

151.    Plaintiffs and the Bactolac/Choice Delayed Wages Class were entitled to be paid all wages and overtime on a weekly basis and no later than seven days after the workweek in which the wages were earned.

152.    Defendants willfully failed to pay the Plaintiffs and the Bactolac/Choice Delayed Wages Class overtime wages as frequently as required by NYLL § 191.

153.    Defendants willfully failed to pay overtime wages to the Plaintiffs and the Bactolac/Choice Delayed Wages Class all overtime wages within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

154.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Bactolac/Choice Delayed Wages Class are entitled to recover from Defendant liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V

### ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CHOICE CLASS FOR FAILURE TO PROVIDE COMPLIANT NYLL § 195(3) STATEMENTS

*Against Defendants Choice, Klein, and Robbins*

155.    Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

156.    Pursuant to NYLL § 195(3), Defendants were obligated to provide Plaintiffs and the members of the Choice Class with an accurate statement with every payment of wages listing, inter alia, the following: the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

157.    Defendants failed to provide Plaintiffs and the members of the Choice Class with statements containing all of the information required by NYLL § 195(3).  More specifically, the wage statements furnished by Choice did not contain the employer's telephone number.

158.    As a result of the foregoing, Plaintiffs and the members of the Choice Class are each entitled to an amount of up to $5,000 plus costs and reasonable attorneys' fees.

## COUNT VI

### ALL PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CHOICE WAGE NOTICE CLASS FOR FAILURE TO FURNISH HIRING NOTICE AS REQUIRED BY NYLL § 195(1)

*Against Defendants Choice, Klein, and Robbins*

159.    Plaintiffs allege and incorporate by reference all of the foregoing allegations as if set forth fully at length herein.

21

160.     Pursuant to NYLL § 195(1), Defendants were obligated to provide Plaintiffs and the members of the Choice Wage Notice Class at the time of their hiring with a notice containing, inter alia, the following information: the employee's rate of pay, allowances to be taken, the regular payday, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer.

161.     Defendants failed to furnish to Plaintiffs and the members of the Choice Wage Notice Class with such notice.

162.     As a result of the foregoing, Plaintiffs and the members of the Choice Wage Notice Class are each entitled to an amount of up to $5,000 plus costs and reasonable attorneys' fees.

## COUNT VII

PLAINTIFFS MORA, RAMOS AND VIGIL INDIVIDUALLY AND ON BEHALF OF THE CHOICE SPREAD OF HOURS CLASS FOR FAILURE TO PAY SPREAD OF HOURS PAY AS REQUIRED BY 12 NYCRR §146-1.6

*Against Defendants Choice, Klein, and Robbins*

163.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

164.     Defendants have willfully failed to pay Plaintiffs and the members of the Choice Spread of Hours Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded 10.

165.     By Defendants' failure to pay Plaintiffs and the members of the Choice Spread of Hours Class spread of hours pay, Defendants have willfully violated the NYLL Article 19, §§

650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR §§142-1.6.

166.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Choice Spread of Hours Class are entitled to recover from Defendants their unpaid spread of hours pay, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment interest.

**WHEREFORE**, Plaintiffs and the members of the Classes and Collective pray that the Court enter judgment in their favor and against Defendants, containing the following relief:

A.   That at the earliest possible time, Plaintiffs be allowed to give notice of this Collective Action, or that the Court issue such notice to the Collective, as defined above. Such notice shall inform the Collective of the filing of this civil action, the nature of this action, and their right to join this action;

B.   On the first count, awarding Plaintiffs and the members of the Collective damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and/or attorneys' fees and costs;

C.   On the second count, awarding Plaintiffs and the members of the Bactolac/Choice Class damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and/or attorneys' fees and costs;

D.   On the third count for wage statement violations, awarding Plaintiffs and the members of the Bactolac/Choice Class amounts of up to $5,000 each plus costs and reasonable attorneys' fees;

E.  On the fourth count, awarding Plaintiffs and the members of the Bactolac/Choice Delayed Wages Class liquidated damages in the amount of the delayed overtime wages plus costs and reasonable attorneys' fees.

F.  On the fifth count for wage statement violations, awarding Plaintiffs and the members of the Choice Class amounts of up to $5,000 each plus costs and reasonable attorneys' fees;

G.  On the sixth count for wage notice violations, awarding Plaintiffs and the members of the Choice Wage Notice Class amounts of up to $5,000 each plus costs and reasonable attorneys' fees;

H.  On the seventh count, awarding Plaintiffs and the members of the Choice Spread of Hours Class unpaid spread of hours pay in an amount to be determined at trial plus costs and reasonable attorneys' fees;

I.  Awarding Plaintiffs and the members of the Classes and Collective liquidated damages as provided by law;

J.  Pre-judgment and post-judgment interest as provided by law;

K.  Such other and further relief as this Court may deem just, proper, and equitable.

## **JURY DEMAND**

Plaintiffs and the members of the Classes and Collectives hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: Huntington, New York
         February 7, 2021

MOSER LAW FIRM, P.C.

By: _____.

Steven J. Moser, Esq.
*Attorneys for Plaintiffs*
5 East Main Street
Huntington, New York 11743
(516) 671-1150
steven.moser@moserlawfirm.com

25

## Consent Form

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* against Bactolac Pharmaceutical, Inc., Choice Long Island, Inc., Steven Klein, and Harold Robbins to secure any relief that may be awarded, including unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs, and other relief arising out of my employment with the foregoing entities and individuals.

2. I authorize Moser Law Firm, P.C. to represent me in this case.

Date: 2/7/2021

*manuel dejesus vasquos*
Signature

*manuel dejesus vasquos*
Print Name

**Consent Form**

1.   I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201,

*et. seq.* against Bactolac Pharmaceutical, Inc., Choice Long Island, Inc., Steven Klein, and

Harold Robbins to secure any relief that may be awarded, including unpaid overtime wages,

liquidated damages, interest, attorneys' fees and costs, and other relief arising out of my

employment with the foregoing entities and individuals.

2.   I authorize Moser Law Firm, P.C. to represent me in this case.

Date: __2/7/2021__

_____
Signature

CARLOS GUZMAN
Print Name

26